Michael P. Bruyere (GA SBN 090101)
mbruyere@fmglaw.com
Michael Wolak, III (GA SBN 773197)
mwolak@fmglaw.com
Kacie L. Manisco (CA SBN 294242)
kmanisco@fmglaw.com
FREEMAN MATHIS & GARY, LLP
Three Embarcadero Center, 8th Floor
San Francisco, CA  94111
Telephone:  (415) 394-9500
Facsimile:  (415) 394-9501

Attorneys for Defendant Pharm-Olam
International, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYTOKINETICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHARM-OLAM INTERNATIONAL, LTD., <br><br> Defendant. | CASE NO. 14-cv-05256-JSW <br><br> **DEFENDANT PHARM-OLAM INTERNATIONAL, LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FRAUD, BREACH OF CONTRACT, AND NEGLIGENCE** |

1260939

**ANSWER OF DEFENDANT PHARM-OLAM INTERNATIONAL, LTD.**    CASE NO. 14-CV-05256-JSW

**ANSWER OF DEFENDANT PHARM-OLAM INTERNATIONAL, LTD. TO PLAINTIFF'S COMPLAINT FOR FRAUD, BREACH OF CONTRACT, AND NEGLIGENCE**

Defendant PHARM-OLAM INTERNATIONAL, LTD. ("Defendant" or "Pharm-Olam"), a Texas resident, and answers the Complaint of Plaintiff CYTOKINETICS, INC. ("Plaintiff" or "Cytokinetics") as follows:

## PARTIES

1. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 1 and therefore denies them.

2. Defendant admits the allegations set forth in Paragraph 2.

3. Defendant admits that none of its partners are citizens of Delaware or California.

## JURISDICTION & VENUE

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 5.

## INTRADICTRICT ASSIGNMENT

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 6.

## BACKGROUND AND PARTIES

7. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 7 and therefore denies them.

8. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 8 and therefore denies them.

9. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 9 and therefore denies them.

10. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 10 and therefore denies them.

11. Defendant has insufficient knowledge and information upon which to admit or deny

the allegations of Paragraph 11 and therefore denies them.

12. Defendant admits the allegations set forth in Paragraph 12.

13. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 13 and therefore denies them.

14. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 14 and therefore denies them.

15. Defendant admits the allegations set forth in Paragraph 15.

16. Defendant admits the allegations set forth in Paragraph 16.

17. Defendant admits the allegations set forth in Paragraph 17.

18. Defendant admits the allegations set forth in Paragraph 18.

19. Defendant admits the allegations set forth in Paragraph 19.

20. Defendant admits the allegations set forth in Paragraph 20.

21. Defendant admits the allegations set forth in Paragraph 21.

22. Defendant admits the allegations set forth in Paragraph 22.

23. Defendant admits the allegations set forth in Paragraph 23.

24. Defendant admits the allegations set forth in Paragraph 24.

25. Defendant admits the allegations set forth in Paragraph 25.

26. Defendant admits the allegations set forth in Paragraph 26.

27. Defendant admits that Paragraph 27 purports to quote certain Federal Regulations, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 32 to the extent that they misstate the terms of the Federal Regulations.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 29.

**PHARM-OLAM'S FALSE PROMISES, OBLIGATIONS AND FAILURES**

30. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 30 and therefore denies them.

31.     Defendant admits the allegations set forth in Paragraph 31.

32.     Defendant admits that the March 23, 2012 email is a written document that speaks for itself, and denies the allegations set forth in Paragraph 32 to the extent that they misstate the language of the email.

33.     Defendant admits that the emails dated June 12, 2012 and July 3, 2012 are written documents that speak for themselves, and denies the remaining allegations set forth in Paragraph 33.

34.     Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 34 and therefore denies them.

35.     Defendant admits that the PowerPoint presentation is a written document that speaks for itself, and denies the allegations set forth in Paragraph 35 to the extent that they misstate the terms of the presentation.

36.     Defendant admits that the Pharm-Olam website contains written statements that speaks for themselves, and denies the allegations set forth in Paragraph 36 to the extent that they misstate the terms of the website.  Defendant denies the remaining allegations contained in Paragraph 36.

37.     Defendant denies the allegations set forth in Paragraph 37.

38.     Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 38 and therefore denies them.

39.     Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 39 to the extent that they misstate the terms of the Agreement.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 40 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that

speaks for itself, and denies the allegations set forth in Paragraph 41 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 42 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 43 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 44 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 45 to the extent that they misstate the terms of the Agreement.  Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant admits that the Work Order is a written document that speaks for itself and denies the allegations set forth in Paragraph 46 to the extent that they misstate the terms of the Work Order.

47. Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Work Order is a written document that speaks for itself, and denies the allegations set forth in Paragraph 47 to the extent that they misstate the terms of the Work Order.  Defendant denies the remaining allegations contained in Paragraph 47.

48. Defendant admits that the Work Order is a written document that speaks for itself and denies the allegations set forth in Paragraph 48 to the extent that they misstate the terms of the

1  Work Order.

2  49.  Defendant admits that it entered into an agreement with non-party Datatrak International, Inc., which is a document that speaks for itself and denies the allegations set forth in Paragraph 49 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 49.

50.  Defendant admits the allegations set forth in Paragraph 50.

51.  Defendant admits that, on behalf of Cytokinetics, Defendant requested certain customizations to Datatrak's core IWRS. Defendant denies the remaining allegations set forth in Paragraph 51.

52.  Defendant admits that customizations were programmed by Datatrak to create a Cytokinetics version of the IWRS. Defendant denies the remaining allegations set forth in Paragraph 52.

53.  Defendant admits that Appendix 1 to the Pharm-Olam and Datatrak Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 53 to the extent that they misstate the terms of Appendix 1 to the Pharm-Olam and Datatrak Agreement. Defendant denies the remaining allegations contained in Paragraph 53.

**PHARM-OLAM'S FAULTY IWRS AND NEGLIGENT TESTING CAUSED MULTIPLE TREATMENT ERRORS**

54.  Defendant admits that the IWRS randomizes patients and assigns each patient's treatment in accordance with the clinical study protocol. Defendant denies the remaining allegations set forth in Paragraph 54.

55.  Defendant admits the allegations set forth in Paragraph 55.

56.  Defendant admits that if an IWRS malfunctions, there may be consequences. Defendant denies the remaining allegations set forth in Paragraph 56.

57.  Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 57 and therefore denies them.

58.  Defendant admits that there is a practice that vendors responsible for the IWRS employ systems for building, testing, validating and maintaining the IWRS. Defendant denies the

-5-

1  remaining allegations set forth in Paragraph 58.

2  59.  Defendant admits that the International Conference on Harmonisation's E6 Good Clinical Practice: Consolidated Guideline is a written document that speaks for itself, and denies the allegations set forth in Paragraph 59 to the extent that they misstate the terms of the GCP Guideline.

5  60.  Defendant denies the allegations set forth in Paragraph 60.

6  61.  Defendant admits that Plaintiff purports to quote information contained in an FDA website, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 61 to the extent that they misstate the terms of the website. Defendant denies the remaining allegations contained in Paragraph 61.

10  62.  Defendant admits that Plaintiff purports to quote information contained in GCP Guidelines on an FDA website, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 62 to the extent that they misstate the terms of the Guidelines. Defendant denies the remaining allegations contained in Paragraph 62.

14  63.  Defendant admits that Plaintiff purports to quote information contained in GCP Guidelines on an FDA website, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 63 to the extent that they misstate the terms of the Guidelines. Defendant denies the remaining allegations contained in Paragraph 63.

18  64.  Defendant admits that Plaintiff purports to quote information contained in FDA guidance contained in a website, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 64 to the extent that they misstate the terms of the guidance. Defendant denies the remaining allegations contained in Paragraph 64.

22  65.  Defendant admits that Cytokinetics' IWRS was responsible for assigning blinded bottles (for visits 1 through 4) or cartons (for visits 5 and 6) of either *tirasemtiv* or placebo at each visit to each patient consistent with his or her randomized treatment assignment. Defendant denies the remaining allegations set forth in Paragraph 65.

26  66.  Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 66 and therefore denies them.

28  67.  Defendant admits that Plaintiff purports to quote information contained in FDA

1   Software Validation Guidance, which is a written document that speaks for itself, and denies the
2   allegations set forth in Paragraph 67 to the extent that they misstate the terms of the FDA Software
3   Validation Guidance.  Defendant denies the remaining allegations contained in Paragraph 67.

    68.   Defendant admits that, during the study, Pharm-Olam, on behalf of Cytokinetics, requested that Datatrak make various changes or customizations to Cytokinetics' IWRS. Defendant denies the remaining allegations set forth in Paragraph 68.

    69.   Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 69 and therefore denies them.

    70.   Defendant admits that Plaintiff purports to quote information contained in FDA Software Validation Guidance, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 70 to the extent that they misstate the terms of the FDA Software Validation Guidance.  Defendant denies the remaining allegations contained in Paragraph 70.

    71.   Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Appendix 1 to the Pharm-Olam and Datatrak Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 71 to the extent that they misstate the terms of Appendix 1.  Defendant denies the remaining allegations contained in Paragraph 71.

    72.   Defendant denies the allegations set forth in Paragraph 72.
    73.   Defendant denies the allegations set forth in Paragraph 73.
    74.   Defendant denies the allegations set forth in Paragraph 74.

    **A.   Non-Randomized Patient Allocated Randomized Drug**

    75.   Defendant denies the allegations set forth in Paragraph 75.

    **B.   The Back-Arrow Error: Patient Incorrectly Assigned Multiple Treatments in One Visit.**

    76.   Defendant admits the allegations set forth in Paragraph 76.
    77.   Defendant admits the allegations set forth in Paragraph 77.
    78.   Defendant denies the allegations set forth in Paragraph 78.
    79.   Defendant denies the allegations set forth in Paragraph 79.

80. Defendant denies the allegations set forth in Paragraph 80.

81. Defendant denies the allegations set forth in Paragraph 81.

82. Defendant admits that Plaintiff purports to quote information contained in FDA Software Validation Guidance, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 82 to the extent that they misstate the terms of the FDA Software Validation Guidance. Defendant denies the remaining allegations contained in Paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to quote information contained in FDA Software Validation Guidance, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 83 to the extent that they misstate the terms of the FDA Software Validation Guidance. Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant admits the allegations set forth in Paragraph 84.

85. Defendant admits the allegations set forth in Paragraph 85.

86. Defendant admits the allegations set forth in Paragraph 86.

87. Defendant admits that Plaintiff purports to quote information contained in FDA Software Validation Guidance, which is a written document that speaks for itself, and denies the allegations set forth in Paragraph 87 to the extent that they misstate the terms of the FDA Software Validation Guidance.

88. Defendant denies the allegations set forth in Paragraph 88.

89. Defendant denies the allegations set forth in Paragraph 89.

90. Defendant denies the allegations set forth in Paragraph 90.

91. Defendant denies the allegations set forth in Paragraph 91.

92. Defendant denies the allegations set forth in Paragraph 92.

93. Defendant denies the allegations set forth in Paragraph 93.

94. Defendant denies the allegations set forth in Paragraph 94.

**C.     The Dosing Errors:  58 Patients Received the Wrong Treatment**

95. Defendant denies the allegations set forth in Paragraph 95.

96. Defendant denies the allegations set forth in Paragraph 96.

97. Defendant denies the allegations set forth in Paragraph 97.

98. Defendant denies the allegations set forth in Paragraph 98.

### CYTOKINETICS' DISCOVERY OF THE DOSING ERRORS

99. Defendant denies the allegations set forth in Paragraph 99.

100. Defendant denies the allegations set forth in Paragraph 100.

101. Defendant admits the allegations set forth in Paragraph 101.

102. Defendant denies the allegations set forth in Paragraph 102.

103. Defendant denies the allegations set forth in Paragraph 103.

104. Defendant denies the allegations set forth in Paragraph 104.

105. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 105 and therefore denies them.

106. Defendant denies the allegations set forth in Paragraph 106.

107. Defendant denies the allegations set forth in Paragraph 107.

### THE AUDITS OF PHARM-OLAM AND DATATRAK REVEAL PHARM-OLAM'S RECKLESSNESS AND NEGLIGENCE

108. Defendant denies the allegations set forth in Paragraph 108.

109. Defendant denies the allegations set forth in Paragraph 109.

110. Defendant denies the allegations set forth in Paragraph 110.

111. Defendant denies the allegations set forth in Paragraph 111.

112. Defendant denies the allegations set forth in Paragraph 112.

113. Defendant denies the allegations set forth in Paragraph 113.

114. Defendant denies the allegations set forth in Paragraph 114.

115. Defendant denies the allegations set forth in Paragraph 115.

116. Defendant denies the allegations set forth in Paragraph 116.

117. Defendant denies the allegations set forth in Paragraph 117.

118. Defendant denies the allegations set forth in Paragraph 118.

119. Defendant denies the allegations set forth in Paragraph 119.

120.  Defendant denies the allegations set forth in Paragraph 120.

121.  Defendant denies the allegations set forth in Paragraph 121.

122.  Defendant denies the allegations set forth in Paragraph 122.

123.  Defendant denies the allegations set forth in Paragraph 123.

124.  Defendant denies the allegations set forth in Paragraph 124.

### PHARM-OLAM'S BREACHES OF ITS OBLIGATIONS

125.  Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 125 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations contained in Paragraph 125.

126.  Defendant denies the allegations set forth in Paragraph 126.

127.  Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 127 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations contained in Paragraph 127.

128.  Defendant denies the allegations set forth in Paragraph 128.

129.  Defendant denies the allegations set forth in Paragraph 129.

130.  Defendant denies the allegations set forth in Paragraph 130.

131.  Defendant denies the allegations set forth in Paragraph 131.

132.  Defendant denies the allegations set forth in Paragraph 132.

133.  Paragraph 133 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 133 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 133.

134.  Defendant denies the allegations set forth in Paragraph 134.

135. Paragraph 135 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 135 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 135.

136. Defendant denies the allegations set forth in Paragraph 136.

137. Paragraph 137 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 137 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 137.

138. Defendant denies the allegations set forth in Paragraph 138.

139. Paragraph 139 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 139 to the extent that they misstate the terms of the Agreement. Defendant denies the remaining allegations set forth in Paragraph 139.

140. Defendant denies the allegations set forth in Paragraph 140.

141. Defendant admits that Appendix 1 to the Pharm-Olam and Datatrak Agreement is a written document that speaks for itself, and denies the allegations set forth in Paragraph 141 to the extent it misstates Appendix 1.

142. Defendant denies the allegations set forth in Paragraph 142.

143. Defendant denies the allegations set forth in Paragraph 143.

144. Defendant denies the allegations set forth in Paragraph 144.

145. Defendant denies the allegations set forth in Paragraph 145.

146. Defendant denies the allegations set forth in Paragraph 146.

147. Defendant admits that the Work Order is a written document that speaks for itself, and denies the allegations set forth in Paragraph 147 to the extent it misstates the Work Order.

148. Defendant denies the allegations set forth in Paragraph 148.

## CYTOKINETICS' DAMAGES AND MITIGATING EFFORTS

149. Defendant denies the allegations set forth in Paragraph 149.

150. Defendant denies the allegations set forth in Paragraph 150.

151. Defendant admits that enrollment for the Study was originally scheduled for July 2013, with patient treatment in the Study scheduled to be completed in November 2013. Defendant denies the remaining allegations set forth in Paragraph 151.

152. Defendant denies the allegations set forth in Paragraph 152.

153. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 153 and therefore denies them.

154. Defendant denies the allegations set forth in Paragraph 154.

155. Defendant denies the allegations set forth in Paragraph 155.

156. Defendant has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 156 and therefore denies them.

157. Defendant denies the allegations set forth in Paragraph 157.

158. Defendant denies the allegations set forth in Paragraph 158.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Inducement)

159. Defendant repeats and incorporates herein by reference each and every allegation and denial contained above, as though fully set forth herein.

160. Defendant denies the allegations set forth in Paragraph 160.

161. Defendant denies the allegations set forth in Paragraph 161.

162. Defendant denies the allegations set forth in Paragraph 162.

163. Defendant denies the allegations set forth in Paragraph 163.

164. Defendant denies the allegations set forth in Paragraph 164.

165. Defendant denies the allegations set forth in Paragraph 165.

166. Defendant denies the allegations set forth in Paragraph 166.

167. Defendant denies the allegations set forth in Paragraph 167.

168.  Defendant denies the allegations set forth in Paragraph 168.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

169.  Defendants repeat and incorporate herein by reference each and every allegation and denial contained above, as though fully set forth herein.

170.  Defendant denies the allegations set forth in Paragraph 170.

171.  Defendant denies the allegations set forth in Paragraph 171.

172.  Defendant denies the allegations set forth in Paragraph 172.

173.  Defendant denies the allegations set forth in Paragraph 173.

174.  Defendant denies the allegations set forth in Paragraph 174.

## THIRD CLAIM FOR RELIEF
### (Negligence)

175.  Defendants repeat and incorporate herein by reference each and every allegation and denial contained above, as though fully set forth herein.

176.  Defendant denies the allegations set forth in Paragraph 176.

177.  Defendant denies the allegations set forth in Paragraph 177.

178.  Defendant denies the allegations set forth in Paragraph 178.

179.  Defendant denies the allegations set forth in Paragraph 179.

180.  Defendant denies the allegations set forth in Paragraph 180.

## PRAYER FOR RELIEF

Defendant denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, and all subparagraphs, on pages 23-24 of Plaintiff's Complaint.

Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" section of Plaintiff's Complaint.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE,** the Defendant in the above-referenced civil action respectfully requests that this Court:

1.     Dismiss with prejudice Plaintiff's Complaint;

2.     Award Defendant his reasonable attorney's fees, costs, and expenses; and

3.     Award any and all other relief to Defendant that this Court may deem necessary and proper.

## DEMAND FOR TRIAL BY JURY

Defendant demands trial by jury as to all issues alleged in this civil action.

## AFFIRMATIVE DEFENSES

AS A FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim for relief against either Defendant.

AS A SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Venue is improper or inconvenient as to Defendant.

AS A SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint is barred by the doctrine of laches.

AS A FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint is barred in whole or in part because the alleged damages of which Plaintiff now complains were wholly or in part directly or legally caused by its own fault and/or misconduct.

AS A FIFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff failed to take reasonable steps to mitigate the amount of his damages, if any damages there be.

AS A SIXTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the injuries and damages complained of by Plaintiff, if any, were either wholly or in part directly or indirectly or legally caused by the acts of persons or entities other than Defendant.

AS A SEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that some or all of the claims stated in Plaintiff's Complaint are barred by the doctrine of unclean hands.

AS AN EIGHTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint fails to state a claim on which an award of punitive or exemplary damages may be granted.

AS A NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's claim for punitive damages is barred under Civil Code section 3294 and various provisions of the California and United States Constitutions, and because no acts toward Plaintiff were taken with malice, oppression, willfulness or fraud.

AS A TENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that they exercised due diligence and relied in good faith on the representations of others, and were neither aware of nor had any way of becoming aware of any alleged wrongdoing.

AS A ELEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint in whole or in part, is barred because Defendant's conduct was not willful.

AS AN TWELFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine of consent.

AS A THIRTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

AS A FOURTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that it cannot be held liable on a theory of vicarious liability or respondeat superior for any actions involving Plaintiff in which Defendant did not directly participate or of which Defendant had no

1  knowledge.

2  AS A FIFTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's negligence claim is barred by the economic loss rule.

AS A SIXTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's Complaint is subject to an election of remedies.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the operative agreement precludes the consequential and other damages Plaintiff seeks for the alleged breaches.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the Complaint fails to establish that Defendant breached any duty it may have owed to Plaintiff.

AS AN NINTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that it complied with all regulatory requirements and standards.

AS A TWENTIETH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that no act or omission of Defendant either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, Plaintiff has no right of recovery against Defendant.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that Plaintiff's fraud claim is barred by the integration or merger clause of the operative agreement.

AS A TWENTY-SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that any injuries or damages sustained by Plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to Plaintiff; and no alleged act or omission by Defendant in any

way caused or contributed to the incident described in the Complaint.

AS A TWENTY-THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the alleged injuries and damages sustained by Plaintiff resulted solely from the voluntary and intentional conduct of Plaintiff and not from any conduct of Defendant.

AS A TWENTY-FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

AS A TWENTY-FIFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that the Complaint fails to state a claim for attorneys' fees and costs.

AS A TWENTY-SIXTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that, to the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of contributory/comparative negligence, accord and satisfaction, estoppel, failure of consideration, laches, res judicata, statute of frauds, statute of limitations, and waiver.

AS A TWENTY-SEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND TO EACH COUNT CONTAINED THEREIN, Defendant alleges that it reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

Dated: March 24, 2015          **FREEMAN MATHIS & GARY, LLP**

By: /s/ Kacie L. Manisco
Michael P. Bruyere
Michael Wolak, III
Kacie L. Manisco
Attorneys for Defendant Pharm-Olam
International, Ltd.