Michael P. Bruyere (GA SBN 090101)
mbruyere@fmglaw.com
Michael Wolak, III (GA SBN 773197)
mwolak@fmglaw.com
Kacie L. Manisco (CA SBN 294242)
kmanisco@fmglaw.com
FREEMAN MATHIS & GARY, LLP
Three Embarcadero Center, 8th Floor
San Francisco, CA  94111
Telephone:  (415) 394-9500
Facsimile:  (415) 394-9501

Attorneys for Defendant Pharm-Olam
International, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYTOKINETICS, INC., <br><br>Plaintiff,<br><br>and<br><br>DATATRAK INTERNATIONAL, INC.<br><br>New Party Plaintiff<br><br>v.<br><br>PHARM-OLAM INTERNATIONAL, LTD.,<br><br>Defendant. | CASE NO. 4:14-cv-05256-JSW<br><br>**DEFENDANT PHARM-OLAM INTERNATIONAL, LTD.'S ANSWER AND COUNTERCLAIM TO COMPLAINT OF NEW PARTY PLAINTIFF DATATRAK INTERNATIONAL, INC.** |

**ANSWER AND COUNTERCLAIM OF DEFENDANT PHARM-OLAM INTERNATIONAL, LTD. TO COMPLAINT OF NEW PARTY PLAINTIFF DATATRAK INTERNATIONAL, INC.**

Defendant Pharm-Olam International, Ltd. ("POI"), a Texas resident, answers the Complaint of New Party Plaintiff DATATRAK International, Inc. ("DATATRAK") as follows:

**PARTIES**

1. POI has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 1 and therefore denies them.

2. POI admits the allegations set forth in Paragraph 2.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, POI admits the allegations of Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, POI denies the allegations of Paragraph 4.

**INTRADISTRICT ASSIGNMENT**

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, POI denies the allegations of Paragraph 5.

**BACKGROUND AND PARTIES**

6. POI admits that Plaintiff Cytokinetics, Inc.'s Complaint for Fraud, Breach of Contract, and Negligence is a written document that speaks for itself, to which no response is required. To the extent a further response is required, POI denies the allegations of Paragraph 6.

7. POI has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 7 and therefore denies them.

8. POI admits the allegations set forth in Paragraph 8.

9. POI admits the allegations set forth in Paragraph 9.

10. POI has insufficient knowledge and information upon which to admit or deny the allegations of Paragraph 10 and therefore denies them.

11. POI admits that POI and Cytokinetics entered into a Master Clinical Services

Agreement ("MCSA") that was made and effective as of October 27, 2011.  POI admits that the MCSA is a written document that speaks for itself, and denies the allegations set forth in Paragraph 11 to the extent that they misstate the terms of the MCSA.  POI denies that it served as the Contract Research Organization for Cytokinetics's clinical study CY 4026.

12. POI admits the allegations set forth in Paragraph 12.

13. POI admits that Work Order #2 is a written document that speaks for itself, and denies the allegations set forth in Paragraph 13 to the extent that they misstate the terms of Work Order #2.

14. POI admits that the License Authorization and Master Services Agreement ("LAMSA") is a written document that speaks for itself, and denies the allegations set forth in Paragraph 14 to the extent that they misstate the terms of the LAMSA.

15. Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, POI admits that Section 8.1 of the LAMSA is a written document that speaks for itself, and denies the allegations set forth in Paragraph 15 to the extent that they misstate the terms of Section 8.1.

16. POI denies the allegations set forth in Paragraph 16.

17. POI denies the allegations set forth in Paragraph 17.

18. POI admits that Plaintiff Cytokinetics, Inc. ("Cytokinetics") filed the instant action seeking damages against POI.  POI denies the remaining allegations set forth in Paragraph 18.

19. POI admits that on July 30, 2013, POI notified DATATRAK via letter that it intended to seek indemnification pursuant to Section 8 of the LAMSA.  POI further admits that the July 30, 2103 letter is a written document that speaks for itself, and denies the allegations set forth in Paragraph 19 to the extent that they misstate the content of the July 30, 2013 letter.

20. POI denies the allegations set forth in Paragraph 20.

### CAUSE OF ACTION

**Count I – Claim for Declaratory Relief Pursuant to 28 U.S.C. § 2201**

21. POI repeats and incorporates herein by reference each and every allegation and denial contained above, as though fully set forth herein.

22. POI admits that on July 30, 2013, POI notified DATATRAK via letter that it intended to seek indemnification pursuant to Section 8 of the LAMSA. POI further admits that the July 30, 2103 letter is a written document that speaks for itself, and denies the allegations set forth in Paragraph 22 to the extent that they misstate the content of the July 30, 2013 letter.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, POI admits that Section 8.1 of the LAMSA is a written document that speaks for itself, and denies the allegations set forth in Paragraph 23 to the extent that they misstate the terms of Section 8.1. POI denies any remaining allegations contained in Paragraph 23.

24. POI denies the allegations set forth in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, POI admits the allegations set forth in Paragraph 25.

26. POI denies the allegations set forth in Paragraph 26.

## **PRAYER FOR RELIEF**

POI denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, including subparagraphs (A)-(C), on page 5 of DATATRAK's Complaint.

Further, POI denies that DATATRAK is entitled to any of the relief requested in the "WHEREFORE" section of DATATRAK's Complaint.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE,** the POI in the above-referenced civil action respectfully requests that this Court:

1. Dismiss with prejudice DATATRAK's Complaint;
2. Award POI its reasonable attorney's fees, costs, and expenses; and
3. Award any and all other relief to POI that this Court may deem necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

POI demands trial by jury as to all issues alleged in this civil action.

///

///

4
DEFENDANT POI'S ANSWER AND COUNTERCLAIM TO DATATRAK'S COMPLAINT     CASE NO. 14-CV-05256-JSW

## AFFIRMATIVE DEFENSES

### First Defense

1. DATATRAK's Complaint fails to state facts sufficient to constitute a claim for relief against POI.

### Second Defense

2. Venue is improper or inconvenient as to POI.

### Third Defense

3. DATATRAK's claims are barred because the alleged damages of which Cytokinetics now complains were wholly or in part directly or legally caused by DATATRAK's fault and/or misconduct.

### Fourth Defense

4. DATATRAK's claims are barred because the injuries and damages complained of by Cytokinetics, if any, were either wholly or in part directly or indirectly or legally caused by the acts of persons or entities other than POI, including but not limited to DATATRAK.

### Fifth Defense

5. POI exercised due diligence and relied in good faith on the representations of others, including but not limited to DATATRAK, and was neither aware of nor had any way of becoming aware of any alleged wrongdoing.

### Sixth Defense

6. DATATRAK's Complaint in whole or in part, is barred because POI's conduct was not negligent, grossly negligent, or willful.

### Seventh Defense

7. DATATRAK's Complaint is barred in whole or in part by the doctrine of consent.

### Eighth Defense

8. DATATRAK's Complaint is barred in whole or in part by the doctrine of unclean hands.

### Ninth Defense

9. DATATRAK's claims are barred because the alleged injuries and damages sustained

by Cytokinetics resulted solely from the voluntary and intentional conduct of DATATRAK and Cytokinetics and not from any conduct of POI.

**Tenth Defense**

10. The operative agreement precludes the relief DATATRAK seeks.

**Eleventh Defense**

11. DATATRAK's Complaint fails to state a claim for attorneys' fees and costs.

**Twelfth Defense**

12. To the extent as may be shown by the evidence through discovery, POI asserts the affirmative defenses of contributory/comparative negligence, accord and satisfaction, estoppel, failure of consideration, laches, res judicata, statute of frauds, statute of limitations, and waiver.

**Thirteenth Defense**

13. POI reserves the right to plead and prove such other affirmative defenses as may become known to it during the course of its investigation and discovery.

**COUNTERCLAIM**

Defendant Pharm-Olam International, Ltd. ("POI"), by and through its undersigned counsel, files a Counterclaim against DATATRAK International, Inc. ("DATATRAK") and alleges as follows:

**PARTIES**

1. POI is a Texas limited partnership with its principal place of business located at 450 N. Sam Houston Parkway East, Suite 250, Houston, Texas 77060.

2. POI provides services in support of clinical studies for the pharmaceutical and bio-tech industries.

3. DATATRAK is an Ohio corporation with its principal place of business at 6150 Parkland Blvd., Suite 100, Mayfield Heights, OH 44124.

4. DATATRAK provides technology solutions for managing clinical trials through its proprietary DATATRAK eClinical software suite, including, but not limited to, hosting, licensing, project management and consulting, user training and help desk services.

///

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTS
### The POI/Cytokinetics Contract and Work Order #2

6. On October 27, 2011, Plaintiff Cytokinetics, Inc. ("Cytokinetics") and POI entered into a Master Clinical Services Agreement ("MCSA") "to provide the terms and conditions" by which Cytokinetics could engage POI for individual studies or projects.

7. On July 16, 2012, POI and Cytokinetics entered into "WORK ORDER # 2 DATA MANAGEMENT FOR PROTOCOL #: CY 4026."

8. Under Work Order # 2, POI and Cytokinetics agreed that POI would use the DATATRAK eClinical Electronic Data Capture (EDC) platform for purposes of building, validating, and maintaining a study specific database for Cytokinetics's clinical study, referred to as CY 4026 (hereinafter "CY4026").

9. The total value of the direct Services fees detailed in Work Order # 2 exceeded $75,000.

### The POI/DATATRAK Contract

10. POI and DATATRAK entered into a License Authorization and Master Services Agreement ("LAMSA").

11. POI and DATATRAK agreed that the LAMSA would be governed by and construed under the laws of the State of Ohio. (LAMSA § 14.7).

12. Under the LAMSA, POI and DATATRAK agreed to indemnify each other as follows:

> 8.1 A Party (the "Indemnifying Party") shall indemnify, hold harmless and defend and forever release and discharge the other Party (the "Indemnified Party") and each of its affiliates, officers, directors, employees, contractors and agents from and against any and all suits, actions, damages, losses, claims, expenses or liability of any character, type or description (including without limitation all expenses of litigation, court costs and reasonable attorneys' fees) (collectively,

"Losses") relating to any and all demands, suits, actions, proceedings judgments or claims arising out of or in connection with, as applicable, the DATATRAK Services to be performed pursuant to a Statement of Work or Pharm-Olam Services (including the Indemnifying Party, or its officers, directors, employees, contractors and/or agents' failure to adhere to the terms of the Statement of Work, this Agreement, negligence, gross negligence, or willful misconduct on the part of the Indemnifying Party, its officers, directors, employees, contractors, and agents; uncured material breach, or the failure of the Indemnifying Party, its officers, directors, employees, contractors or agents to comply with applicable federal, state, and local laws) provided, however, that the Indemnifying Party shall not be obligated with respect to any such loss, damage, cost and expense relating to any claim, proceeding or investigation to the extent that such claim, proceeding or investigation arises out of or in connection with the negligence, gross negligence or willful misconduct of the Indemnified Party, or its officers, employees, directors, contractors and agents or the failure of the Indemnified Party and its offices [sic], employees, directors and contractors and agents to adhere to the terms of the applicable Statement of Work or this Agreement. (LAMSA § 8.1).

### DATATRAK's Electronic Data Capture Platform Creates Errors Affecting CY 4026

13. On or around October 9, 2012, DATATRAK and POI entered into an Enterprise Statement of Work, pursuant to the LAMSA, for the services DATATRAK would provide for CY 4026.

14. On April 26, 2013, DATATRAK provided a corrective patch to its Electronic Data Capture platform used for CY 4026, which was intended to prevent errors involving use of the 'Back-Arrow' on the users' browsers.

15. In June 2013, it was discovered that the patch DATATRAK applied to its platform, over which neither Cytokinetics nor POI had any control or access, created errors with respect to the randomization of approximately 58 patients involved in CY 4026.

16. Neither POI nor Cytokinetics had the source code necessary to check the patch installed by DATATRAK to its platform or to take any corrective action.

17. Through investigation and audits it has become evident that the errors in the randomization of patients in CY 4026 were caused entirely by the acts or omissions of DATATRAK.

**Claim By Cytokinetics Against POI and
DATATRAK's Refusal to Indemnify POI**

18.  On August 12, 2014, Cytokinetics made a written demand on POI for an amount exceeding $75,000 for alleged deficiencies in POI's performance of its obligations under Work Order # 2.

19.  The alleged deficiencies all relate to the alleged harm caused to Cytokinetics as a result of the actions and conduct of DATATRAK.

20.  Under Section 8.1 of the LAMSA, DATATRAK has a duty to indemnify, defend, and hold harmless POI for the claims asserted against it by Cytokinetics concerning Work Order #2.

21.  On August 30, 2013, DATATRAK refused POI's demand that DATATRAK indemnify POI pursuant to Section 8.1 of the LAMSA in connection with Cytokinetics' claim against POI concerning Work Order #2.

## CAUSES OF ACTION

**Count I – Claim for Declaratory Relief Pursuant to 28 U.S.C. §2201**

22.  POI incorporates and re-alleges the preceding allegations as though fully set forth here.

23.  On August 12, 2014 Cytokinetics made a written demand on POI for an amount exceeding $75,000 for alleged deficiencies in POI's performance of its obligations under Work Order # 2.

24.  The alleged deficiencies all relate to the alleged harm caused to Cytokinetics as a result of the actions and conduct of DATATRAK.

25.  Under Section 8.1 of the LAMSA, DATATRAK has a duty to indemnify, defend, and hold harmless POI for the claims asserted against it by Cytokinetics concerning Work Order #2.

26.  On August 30, 2013, DATATRAK refused POI's demand that DATATRAK indemnify POI pursuant to Section 8.1 of the LAMSA in connection with Cytokinetics' claim against POI concerning Work Order #2.

27.  An actual controversy has arisen and presently exists between POI and DATATRAK as to their respective rights and obligations under the LAMSA; specifically, whether DATATRAK

has a duty to indemnify POI for the claims asserted against it by Cytokinetics concerning Work Order #2.

28. To resolve this controversy, POI respectfully requests that this Court enter a judicial declaration that DATATRAK must indemnify, defend, and hold harmless POI for the claims asserted against it by Cytokinetics, pursuant to the indemnification provision in Section 8.1 of the LAMSA.

## PRAYER FOR RELIEF

Wherefore, POI requests that the Court grant relief as follows:

A. A judicial declaration that DATATRAK must indemnify, defend, and hold harmless POI for the claims asserted against it by Cytokinetics, pursuant to the indemnification provision in Section 8.1 of the LAMSA.

B. Attorneys' fees and costs incurred by POI as permitted by the LAMSA, or by law; and

C. Such other and further legal and/or equitable relief as the Court deems just and proper.

Dated: July 21, 2015        **FREEMAN MATHIS & GARY, LLP**

By: /s/*Michael Wolak, III*
Michael P. Bruyere
Michael Wolak, III
Kacie L. Manisco
Attorneys for Defendant Pharm-Olam International, Ltd.